UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARROWAY TRAVERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6152** |
| **CHUBB EUROPEAN GROUP SE AND CHUBB EUROPEAN GROUP LIMITED** | **SECTION "B" (1)** |

## ORDER AND REASONS

Before the Court is defendant Chubb European Group, SE motion to dismiss plaintiff's petition for failure to state a claim (Rec. Doc. 6). For the following reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** as to plaintiff's claim under the Louisiana Unfair Trade Practices Act ("LUTPA").

**IT IS FURTHER ORDERED** that **no later than February 16, 2024** plaintiff shall file an amended complaint to cure the deficiencies in the present complaint. Failure to timely and appropriately amend the complaint will lead to the dismissal of the action.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Alleging property damage from Hurricane Ida, plaintiff Garroway Travers filed this suit in the 24th Judicial District Court for the Parish of Jefferson against "defendant Chubb European Group SE AND/OR CHUBB EUROPEAN GROUP LIMITED." Rec. Doc. 1-1 at 3. Defendant Chubb European Group SE ("Chubb") timely removed the action to federal court based on diversity jurisdiction of 28 U.S.C. § 1332. Rec. Doc. 1 at 2. In his state court petition, Travers alleges his property at 4116 Rye Street in the Parish of Jefferson, Louisiana was covered by "a homeowner's policy by defendant . . . in full force and effect at the time of the covered event." Rec. Doc. 1-1 at 3 ¶2. Travers further claims that he "promptly reported the damage to defendant and therefore the defendant's [sic] knew almost immediately that plaintiff's property had sustained

1

physical and structural damage[.]" *Id.* at 3–4 ¶4. As a basis for his claims, Travers submits defendants "tendered insufficient payment to plaintiff, said tenders were calculated using below market unit price figures for various items damaged and/or destroyed in the occurrence[.]" *Id.* at 4 ¶6.

Travers supplies various causes of action: breach of insurance contract; violations of Louisiana Revised Statutes §§ 22:1892 and 22:1973 and "State and Federal laws pertaining to unfair trade practices;" "[f]ailure to tender fair and adequate payment for casualty losses;" "[b]ad faith adjusting practices;" and other causes to be proven through the litigation. *Id.* at 5 ¶14. Above and separate from damages related to the causes of action, Travers also contends his eligibility for punitive damages pursuant to Louisiana Civil Code Article 3546 and treble damages pursuant to LUTPA. *Id.* at 6 ¶¶16, 17. Chubb files the instant motion to dismiss, to which plaintiff has filed no opposition. Rec. Doc. 6.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

2

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). In an insurance dispute, incorporated documents include insurance policies "central to the plaintiffs' claims," even where only attached by defendants to their motion to dismiss. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B.  Unopposed Motion Standard

In the Eastern District of Louisiana, a respondent that opposes a motion, including a motion to dismiss, "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Local Rule 7.5. Parties are

3

entitled to "one extension for a period of 21 days from the time the pleading would otherwise be due." Local Rule 7.8. If a contradictory motion is unopposed, a district court may not grant it automatically, but may grant it if the motion has merit. *See Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

The submission date of Chubb's motion to dismiss was January 3, 2024, setting plaintiff's deadline to oppose as December 26, 2023. Plaintiff did not so oppose, and his time period for an extension has also run. The Court "may properly assume that [plaintiff] has no opposition" to the motion to dismiss, and may grant Chubb's requests if they have merit. *Smith v. Larpenter*, No. 16-15778, 2017 WL 2773662, at *1 n.1 (E.D. La. May 3, 2017), *report and recommendation adopted*, No. 16-15778, 2017 WL 2780748 (E.D. La. June 26, 2017).

### C.  Insurer Privity of Contract

This insurance dispute was removed to federal court on the basis of diversity jurisdiction of 28 U.S.C. § 1332. *See* Rec. Doc. 1 at 2. "A federal court sitting in diversity applies the substantive law of the forum state, in this case Louisiana." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014). Under Louisiana law, in a dispute over the interpretation of an insurance policy issued in the state, Louisiana substantive law controls. *Lamar Advert. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 659 (5th Cir. 2005).

In Louisiana, "[a]n insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *Bonin v. Westport Ins. Corp.*, 2005-0886 (La. 5/17/06), 930 So. 2d 906, 910 (citation omitted). Further, the policy "should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." *Carrier v. Reliance Ins. Co.*, 1999-2573 (La. 4/11/00), 759 So. 2d 37, 43

(quotation and citation omitted). As another section of the Eastern District Court recognized of Louisiana contract disputes, "[g]enerally, in the absence of privity of contract between the parties, no cause of action for breach of contract will lie." *Louisiana Env't Concepts, LLC v. BKW, Inc.*, No. 18-12568, 2019 WL 2009242, at *4 (E.D. La. May 7, 2019) (first citing *Pearl River Basin Land and Dev. Co., L.L.C. v. State ex rel. Governor's Office of Homeland Sec. & Emergency Preparedness*, 29 So. 3d 589, 592 (La. App. 1 Cir. 2009); then citing *Matthews v. Stolier*, No. 13-6638, 2015 WL 1726211, at *7 (E.D. La. Apr. 15, 2015) ("It is well established that Louisiana provides no action for breach of contract in the absence of privity between the parties.")).

This action involves an alleged insurance policy issued to Garroway Travers for his property at 4116 Rye St. Metairie, LA 70002 by Chubb European Group SE. *See* Rec. Doc. 6-2 at 7. Chubb European Group Limited is not a party to the contract and, therefore, is improperly named as a defendant in this alleged breach of contract matter. *See* Rec. Doc. 1-1 at 3. Unless plaintiff is able to cure this deficiency with an amendment to the complaint, matters as to Chubb European Group Limited will be dismissed with prejudice.

### D.  Louisiana Breach of Insurance Contract Standard

In Louisiana, a breach of contract is found where (1) an obligor has a performance due, (2) the obligor fails to perform the obligation, and (2) the failure to perform causes damages to the obligee. *See IberiaBank v. Broussard,* 907 F.3d 826, 835 (5th Cir. 2018) (quotation omitted). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (affirming dismissal for failure to state a claim for breach of contract). General, conclusory allegations that an insurer paid an insufficient amount or improperly applied policy provisions "are

5

insufficient to state a plausible breach of contract claim." *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010).

Here, plaintiff's conclusory allegations are insufficient to state a breach of contract claim. Plaintiff merely contends he "submitted proof of loss to the defendant in a timely fashion" and "[d]efendants tendered insufficient payment to plaintiff[.]" Rec. Doc. 1-1 at 4 ¶¶5, 6; *see also id.* at 4 ¶8 ("Defendant has underpaid plaintiff for the wind damages sustained under the terms of their own policy and for rain damage sustained as a result of damage to the roof."). These conclusory statements do not present factual allegations that plausibly indicate a breach of contract, nor do they provide a specific policy provision as a basis. As such, plaintiff fails to state a breach of insurance contract claim unless a curative amendment is made.

### E.  Louisiana Breach of Good-Faith and Fair-Dealing Standard

Tied to breach-of-contract concerns, Louisiana insurers owe "a duty of good faith and fair dealing" to their insureds. La. Rev. Stat. § 22:1973(A). Such a duty is breached, *inter alia*, where an insurer fails "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." *Id.* § 22:1973(B)(5); *see also id.* § 22:1892(B) (providing an alternative thirty-day framework where coverage denial is "arbitrary, capricious, or without probable cause"). This Court has noted that recovery under Section 1973 or Section 1892 does not stand alone but is based on "a valid, underlying, substantive claim" of insurance coverage. *Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021), *aff'd sub nom. Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252 (5th Cir. 2022) (citation omitted); *see also Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010)

(applying Louisiana law) ("Breach of contract is a condition precedent to recovery for the breach of the duty of good faith[.]").

As we have found no plausible statement of a breach of contract claim, plaintiff's dependent claim that Chubb breached its duty of good faith and fair dealing also fails the 12(b)(6) analysis. However, even if plaintiff provided a plausible breach of contract claim, his claim of Chubb's breach of good faith and fair dealing is dubious. The current action is analogous to that in *JMC-Tran Properties v. Westchester Surplus Lines Insurance Company*, a Hurricane Ida insurance dispute where Judge Africk permitted plaintiff to amend its complaint to sustain an opposed motion to dismiss. Rec. Doc. 6-1 at 11–12 (discussing *JMC-Tran Properties v. Westchester Surplus Lines Ins. Co.*, No. 22-4727, 2023 WL 2527168 (E.D. La. Mar. 15, 2023)). "Here, Plaintiff does not provide a date or description of the alleged 'proof of loss' submitted to Defendant(s). Plaintiff also does not allege whether and when inspections of his property were done, or even if demand for additional payment was ever made on Defendant(s)." *Id.* at 12. We would also note that both instant and *JMC-Tran Properties* plaintiffs fail to provide factual allegations of "why any unpaid portions are . . . properly considered 'undisputed.'" *JMC-Tran Properties*, 2023 WL 2527168, at *4. Plaintiff, instead, merely argues Chubb's actions were "arbitrary, capricious and without probable cause and were in bad faith[.]" Rec. Doc. 1-1 at 5 ¶12. Such a "formulaic recitation of the elements of a cause of action" does not thereby state a claim. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted). As such, the current complaint fails to state breach of an insurer's duty of good faith claim unless plaintiff is able to cure noted deficiencies with an amending complaint.

## F. Louisiana Civil Code Article 3546 Standard

Additionally, plaintiff alleges Chubb is liable for punitive damages pursuant to Louisiana Civil Code Article 3546. In Louisiana, punitive damages are narrowly limited to what is expressly authorized by statute. *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So. 2d 546, 555. In turn, those statutes are to be strictly construed. *Id.* Further, as another section of the Eastern District Court has noted, "punitive damages cannot be pleaded as an independent cause of action but rather must be requested in conjunction with a cognizable cause of action." *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 16 F. Supp. 3d 755, 765–66 (E.D. La. 2014) (citing Joseph Brasson, et al., 25A C.J.S. Damages § 226). The United States Supreme Court has determined that Louisiana contractual actions do not present such a cognizable action to base punitive damage upon: "Under Louisiana law, there can be no punitive damages for breach of contract, even when a party has acted in bad faith in breaching the agreement." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991).

And yet, plaintiff insists on his eligibility for punitive damages. *See* Rec. Doc. 1-1 at 6 ¶16. As he presents no separate cause of action within his punitive damage allegation, it must be tied to his breach of contract and related bad-faith claims. In the absence of explicit statutory authorization for punitive damages for such contractual-based claims, plaintiff cites Louisiana Civil Code Article 3546 as his putative punitive ground. Found in the Conflict of Laws section of the Louisiana Civil Code, Article 3546 more specifically is placed in Title VII, the conflict-of-law subdivision on delictual and quasi-delictual obligations. Conventional obligations—like those that arise out of insurance contracts—are covered, instead, in the Civil Code's previous section: Book IV, Title VI Articles 3537–41. Based on the pleadings, Article 3546 is inapplicable to the current case.

Punitive damages are permitted:

> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or

> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. Civ. Code Ann. art. 3546.

As the Louisiana Supreme Court has summarized, "punitive damages may be awarded under article 3546 if such damages are authorized under the law of the state or states with two or more of the following contacts: (a) place of the injurious conduct; (b) place of the resulting injury; and (c) place of the defendant's domicile." *Arabie v. CITGO Petroleum Corp.*, 2010-2605 (La. 3/13/12), 89 So. 3d 307, 326–27 (Knoll, J.) (concurring in part and dissenting in part). The state high court further held "in determining the location where injurious conduct occurred, management or corporate level decisions must outweigh tortious activity which occurs locally in order for the location of the corporate or management decision to be considered the locale of the injurious conduct." *Id.* at 317 (majority opinion).

At best, plaintiff hints at an outside-Louisiana management decision as cause of his damage. *See* Rec. Doc. 1-1 at 6 ¶16 ("[D]efendants are liable for punitive damages pursuant to Louisiana Civil Code Article 3546 in that the decision to utilize below market unit pricing and failure to pay for industry standard scope of damage and items occurred in states which authorize the award of punitive damages and was further authorized by law of the place where the person whose conduct caused the injury was domiciled."). If able to do so in good faith, plaintiff needs to clarify the place of injurious conduct. This breach of contract action has as its place of asserted injurious conduct the site of insured coverage: 4116 Rye St. Metairie, LA 70002. Without a proper clarifying amendment, plaintiff's punitive damages claim may fall.

9

### G. Louisiana Unfair Trade Practices Act Standard

Finally, plaintiff contends Chubb's actions "may constitute unfair trade practices" pursuant to LUTPA. Rec. Doc. 1-1 at 6 ¶17. The allegation is baseless. By LUTPA's own provisions, plaintiff's action is explicitly exempted: "The provisions of this Chapter shall not apply to . . . [a]ny . . . actions or transactions subject to the jurisdiction of . . . the insurance commissioner." La. Rev. Stat. § 51:1406(1). Unfair trade practices in the insurance industry are unquestionably under the jurisdiction of the insurance commissioner, as explicitly detailed in the Louisiana Insurance Code. *See* La. Rev. Stat. § 22:1963 ("No person shall engage in this state in any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance."); *id.* § 22:1967 ("The commissioner of insurance shall have power to examine and investigate the affairs of every person engaged in the business of insurance, including violations of R.S. 22:1902 *et seq.*, in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this Part."). Further, in application of the clear statutory guidance, the Fifth Circuit has held that LUTPA does not provide a private cause of action against an insurer and such an allegation must be dismissed. *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015). As such, plaintiff fails to state a claim based on LUTPA. Given the above analysis, it would be fruitless to allow an amendment of the LUTPA claim.

### H. Sanctions Standard

In addition to the dismissal of the action, Chubb seeks sanctions of attorney's fees and costs associated with filing of the motion to dismiss. Rec. Doc. 6-1 at 15. Specifically, Chubb avers counsel has three duties, pursuant to Federal Rule of Civil Procedure 11: "(1) counsel must make a reasonable investigation into the factual basis of any pleading, motion, or other paper; (2) counsel

must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the costs of litigation." *Id.* at 15 (quoting *St. Amant v. Bernard*, 859 F.2d 379, 382 (5th Cir. 1988)). Applying the standard, Chubb contends that the naming of Chubb Limited and raising of LUTPA and Article 3546 actions reveal a failure to make reasonable inquiry. *Id.*

Federal district courts have inherent power to issue sanctions, but that power "must be exercised 'with restraint and discretion.'" *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). The Fifth Circuit characterizes such power as a "limited source," not "a broad reservoir of power, ready at an imperial hand." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 701 (5th Cir. 1990). Accordingly, "the inherent power springs from the well of necessity, and sparingly so." *Nat. Gas Pipeline Co. of Am.*, 2 F.3d at 1407.

Plaintiff raises two questionable legal theories in pursuit of relief. However, the majority of the complaint deals with viable—if factually unsupported—claims. Chubb's motion to dismiss likewise focuses on those contractual and bad-faith claims. We decline to issue sanctions, but conclude amendment of the complaint to cure noted deficiencies is appropriate for all claims except for the LUTPA claims which are dismissed.

New Orleans, Louisiana this 30th day of January, 2024

                                                  SENIOR UNITED STATES DISTRICT JUDGE